_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  SACV 14-00051-JLS (DFMx)                      Date:  July 6, 2015
Title:  United States of America v. $451,624.51 Seized from FXDD Account '7807 et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:
    Not Present                                                                Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER GRANTING CORNERSTONE'S POST-JUDGMENT MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS (Doc. 97)**

    Before the Court is Claimant Cornerstone Equity Fund, LLC's Post-Judgment Motion for Award of Attorneys' Fees and Costs.  (Mot., 97.)  Plaintiff United States of America (the "Government") filed an Opposition, and Cornerstone replied.  (Opp'n, Doc. 110; Reply, Doc. 115.)  The Court finds this matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  The hearing on the Motion, scheduled for July 10, 2015, at 2:30 p.m., is therefore VACATED.  For the reasons stated below, the Court GRANTS Cornerstone's Motion.

    **I.**    **BACKGROUND**

    This is a civil forfeiture proceeding initiated by the Government.[1]  (*See generally* Order, Doc. 89.)  On May 5, 2015, the Court granted Cornerstone's Motion for Summary

---

[1] The parties are familiar with the facts and procedural history of this case.  As a result, the Court will repeat only the directly relevant facts and procedural history.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-00051-JLS (DFMx)                                  Date: July 6, 2015
Title: United States of America v. $451,624.51 Seized from FXDD Account '7807 et al.

Judgment.[2] (Id.) The Court found that Cornerstone was entitled to summary judgment as the "innocent owner" of the defendant funds based on Cornerstone's detailed tracing analysis that directly connected Cornerstone's investments with Lynn Dale Bogart to the defendant funds. (Id. at 10.) The Court found that, "despite the Non-Cornerstone Claimants' general contentions that commingling of funds [] occurred with respect to these accounts, there [was] no genuine dispute that the Cornerstone Claimants are the innocent owners of at least 99% of the defendant funds." (Id. at 11-12.) The Court further held that Cornerstone was entitled to the imposition of a constructive trust as the innocent owner of the defendant funds because the "Non-Cornerstone Claimants [] produced no evidence to show that they ha[d] an ownership interest in the defendant funds, that Cornerstone d[id] not have an ownership interest in the defendant funds, or that the Non-Cornerstone Claimants [were] similarly situated to Cornerstone." (Id. at 12.) The Court's Judgment was entered on May 12, 2015, requiring the Government to deliver the entirety of the defendant funds to Cornerstone within 21 days of entry of the Judgment.[3] (Judgment at 2, Doc. 94.)

On May 26, 2015, Cornerstone filed a motion for an award of attorneys' fees and costs pursuant to 28 U.S.C. § 2465(b)(1)(A). (Mot.) Cornerstone "seeks attorneys' fees of $164,141.50 and costs of $1,836.37, plus additional fees and costs incurred after May 18, 2015 in connection with the [present] Motion." (Mem. at 2, Doc. 97-1.)

## II.     LEGAL STANDARD

"The Civil Asset Forfeiture Reform Act of 2000 ('CAFRA') implemented a comprehensive revision of civil asset forfeiture law in the United States through the amendment of three statutes: 18 U.S.C. §§ 983 and 985, and 28 U.S.C. § 2465."

---

[2] On June 11, 2015, Nassim Bayat, Poupak Bayat, Charles Monroe, Wendy Carr, the Nacent Trust, and the Raymond G. Schreiber Trust (collectively, "Non-Cornerstone Claimants") filed a Notice of Appeal. (Doc. 108.)

[3] On June 2, 2015, the Government filed a Notice of Appeal of the Court's Judgment. (Doc. 104.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-00051-JLS (DFMx)                                    Date: July 6, 2015
Title: United States of America v. $451,624.51 Seized from FXDD Account '7807 et al.

*Synagogue v. United States*, 482 F.3d 1058, 1060 (9th Cir. 2007). 28 U.S.C. § 2465(b)(1) states that, "in any civil proceeding to forfeit property under any provision of Federal law in which the claimant substantially prevails, the [Government] shall be liable for . . . reasonable attorney fees and other litigation costs reasonably incurred by the claimant." 28 U.S.C. § 2465(b)(1). However, "[i]n certain circumstances the [G]overnment is not liable for costs and fees when there are multiple claims to the same property." *Synagogue*, 482 F.3d at 1063 (citing 28 U.S.C. § 2465(b)(2)(C)). 28 U.S.C. § 2465(b)(1)(C) provides:

> "If there are multiple claims to the same property, the [Government] shall not be liable for costs and attorneys['] fees associated with any such claim if the [Government] (i) promptly recognizes such claim; (ii) promptly returns the interest of the claimant in the property to the claimant, if the property can be divided without difficulty and there are no competing claims to that portion of the property; (iii) does not cause the claimant to incur additional, reasonable costs or fees; and (iv) prevails in obtaining forfeiture with respect to one or more of the other claims."

28 U.S.C. § 2465(b)(1)(C).

## III.   DISCUSSION

"[I]n its amendment of 28 U.S.C. § 2465, CAFRA provided for the payment of attorney[s'] fees, litigation costs, and post-judgment interest by the [G]overnment in certain circumstances." *Synagogue*, 482 F.3d at 1060 (9th Cir. 2007). The Government argues, however, that the Court should deny Cornerstone's Motion because "[i]t is inequitable to apply literally the provisions of [28 U.S.C. §] 2465 where, as here, it is undisputed that the two groups of competing claimants are both victims of fraud." (Opp'n at 2.) The Government also contends that the Court should deny Cornerstone's Motion because "the [G]overnment's goal . . . has been to return the seized funds to the victims in an equitable manner" and because the Government substantially complied with the provisions of 28 U.S.C. § 2465. (Id.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-00051-JLS (DFMx)                                    Date: July 6, 2015
Title: United States of America v. $451,624.51 Seized from FXDD Account '7807 et al.

### A. The Government's Liability for Reasonable Attorneys' Fees and Costs

The Court must first determine whether 28 U.S.C. § 2465 mandates that the Government be held liable for Cornerstone's reasonable attorneys' fees and litigation costs.

28 U.S.C. § 2465(b)(1) provides that "in *any* civil proceeding to forfeit property under any provision of Federal law in which the claimant substantially prevails, the [Government] *shall* be liable for . . . reasonable attorney fees and other litigation costs reasonably incurred by the claimant." 28 U.S.C. § 2465(b)(1) (emphasis added). Thus, if the requirements of 28 U.S.C. § 2465(b)(1) are satisfied, CAFRA mandates that the Government be held liable for reasonable attorneys' fees and costs.

Here, the Government initiated this civil forfeiture proceeding on January 13, 2014, and on May 5, 2015, the Court granted Cornerstone's Motion for Summary Judgment. (Order.) On May 12, 2015, the Court entered its Judgment in favor of Cornerstone. (Judgment.) As a result, Cornerstone "substantially prevailed" on its claim to the defendant funds. Thus, the mandatory language of 28 U.S.C. § 2465(b)(1) requires that the Government be held liable for Cornerstone's reasonable attorneys' fees and costs. *See United States v. $1,026.781.61 in Funds from Florida Capital Bank*, No. CV 09-04381-MLG, 2013 WL 781926, at *1 (C.D. Cal. Mar. 1, 2013) ("Here, where the Court granted Claimants' Motion for Summary Judgment, it is undisputed that Claimants 'substantially prevailed' and are therefore entitled to recover reasonable attorney fees.").

It is true that "[i]n certain circumstances the [G]overnment is not liable for costs and fees when there are multiple claims to the same property." *Synagogue*, 482 F.3d at 1063 (citing 28 U.S.C. § 2465(b)(2)(C)). However, for the Court to find that the Government is not liable for Cornerstone's costs and attorneys' fees, the Government must have (1) promptly recognized Cornerstone's claim, (2) promptly returned Cornerstone's interest in the defendant funds to Cornerstone if there are no competing claims to that portion of the property, (3) avoided causing Cornerstone to incur

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 14-00051-JLS (DFMx)                                  Date:  July 6, 2015
Title:  United States of America v. $451,624.51 Seized from FXDD Account '7807 et al.

additional, reasonable costs or fees, and (4) prevailed in obtaining forfeiture with respect to one or more of the other claims.  *See* 28 U.S.C. § 2465(b)(2)(C).

      First, the Government has failed to satisfy the fourth requirement under 28 U.S.C. § 2465(b)(2)(C).  Though the Government attempted to obtain forfeiture of Bogart's potential interest in the defendant funds, the Court found that "[i]t would be inappropriate to enter default judgment in a civil forfeiture action without making a determination as to whether the property is subject to forfeiture."  (Doc. 52 at 2.)  Later, in its Order granting Cornerstone's Motion for Summary Judgment, the Court stated that "[b]ecause the Court has imposed a constructive trust over the defendant funds on behalf of Cornerstone and found that Cornerstone is an innocent owner as defined under the relevant statutes, the Government's forfeiture of the defendant funds is inappropriate."  (Order at 14.)  Thus, the Government failed to prevail in obtaining forfeiture with respect to one or more of the claims in this action.

      Second, the Government has caused Cornerstone to incur additional and unnecessary attorneys' fees and costs in this case.  On January 7, 2015, Cornerstone filed its Motion for Summary Judgment.  (Doc. 65.)  Despite having nearly a month to file an opposition to Cornerstone's summary judgment motion, the Government failed to file a timely opposition.  Instead, the Government filed two ex parte applications that, in essence, requested that the Court allow the Government to file an untimely opposition to Cornerstone's Motion.  (*See* Docs. 67, 71.)  As a result, instead of being able to respond to the Government's arguments according to regular noticed motion procedures, Cornerstone was forced to respond to the Government's arguments within 24 hours of the Government filing its ex parte applications.  (*See* Docs. 68, 72.)  Further, after the Court entered its Judgment in favor of Cornerstone, the Government filed a Motion to Stay the Court's Judgment and a separate ex parte application to stay the Court's Judgment.  (*See* Docs. 96, 101.)  Once again, Cornerstone was placed in a position where it was required to respond to the Government's request for a stay within 24 hours of the filing of the Government' ex parte application.  (*See* Doc. 102.)  The Court ultimately denied the Government's request for a stay for several reasons: (1) because the Government's request for relief was "essentially a request for the Court to issue a stay until the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-00051-JLS (DFMx)            Date: July 6, 2015
Title: United States of America v. $451,624.51 Seized from FXDD Account '7807 et al.

Government decides whether it wishes to appeal this Court's previous ruling granting summary judgment in favor of Cornerstone," (2) because "the Government had several weeks after the Court issued its Judgment in this case to file an appeal or to file an ex parte Application, [but] the Government chose to file [its] ex parte Application three days before the Court-ordered deadline for payment of the funds to Cornerstone," and (3) "[b]ecause the Government [] failed to specify its basis for appeal or make a showing regarding the potential success of such an appeal." (Doc. 103 at 1-3.) The Court also found that the Government failed to show that the crisis giving rise to the Government's ex parte application for a stay was not due to the Government's own neglect or fault. (Id. at 2.) As a result, just as the Court found in regards to the Government's previous two ex parte applications, there was no good cause for the Government's request for relief. (*See* Docs. 70, 78, 103.) In light of the three ex parte applications filed by the Government, the Court cannot say that the Government avoided causing Cornerstone to incur additional, reasonable costs or fees in this case.

Because the Government has failed to satisfy the last two requirements of 28 U.S.C. § 2465(b)(2)(C), the Court finds that the Government is liable for Cornerstone's reasonable attorneys' fees and costs.

### B. Cornerstone's Reasonable Attorneys' Fees and Costs

Having determined that 28 U.S.C. § 2465 mandates that the Government be held liable for Cornerstone's reasonable attorneys' fees and costs, the Court now must determine whether the attorneys' fees and costs requested by Cornerstone are reasonable.

Cornerstone "seeks attorneys' fees of $164,141.50 and costs of $1,836.37, plus additional fees and costs incurred after May 18, 2015 in connection with the [present] Motion." (Mem. at 2.) Cornerstone has provided the Court with numerous declarations, charts, and other pieces of evidence detailing the attorney hours and expenses incurred by Cornerstone's counsel in this case. (*See generally* Request for Judicial Notice, Doc. 97-2; Pascucci Decl., Doc. 97-3; Dunn Decl., Doc. 97-4.) However, even though a detailed analysis of the documentation submitted by Cornerstone supports the conclusion that the

$165,977.87 that Cornerstone requests for attorneys' fees and costs incurred up to May 18, 2015, is reasonable, the Court need not engage in such a detailed analysis at this time. The Government "does not object to the calculation of rates and hours submitted by [Cornerstone] in support of the[] motion for attorney's fees." (Opp'n at 2.)  Thus, the Government concedes that $165,977.87 in attorneys' fees and costs is reasonable.  (Id.)  The Court therefore will award Cornerstone its requested attorneys' fees and costs.  *See United States v. Real Prop. Located at 475 Martin Lane*, No. CV 04-2788 ABC PLAX, 2013 WL 4774756, at *3 (C.D. Cal. Mar. 15, 2013) (awarding $11,875.00 in attorneys' fees because "[t]he Government did not oppose or otherwise respond to this request in its Reply, thus conceding that . . . these additional fees are recoverable"); *United States v. One 2008 Toyota Rav 4 Sports Util. Vehicle*, No. 2:09-CV-05672-SVW, 2012 WL 5272281, at *14 (C.D. Cal. Oct. 18, 2012) (awarding $1,101.12 for service fees, transcript fees, and costs on appeal because the Government did not object to this amount).

Accordingly, the Court GRANTS Cornerstone's Motion and awards Cornerstone $164,141.50 in attorneys' fees and $1,836.37 in costs.

### C. Cornerstone's Request for Additional Fees in its Reply

In its Reply, Cornerstone asserts that "Cornerstone discovered there were additional fees [of $3,393.00] incurred on or before May 18, 2015 that were not captured by the invoices filed with the Motion." (Reply at 12.)  Further, Cornerstone claims that "from May 19, 2015 through June 25, 2015, Cornerstone incurred attorneys' fees of $61,963.50 for 122.5 hours of legal services in connection with the Motion and other post-judgment work in this Court, and $2,530.81 for costs incurred in this Court." (Reply at 13; *see generally* Suppl. Pascucci Decl., Doc. 115-1.)  Because the Government has not had the opportunity to respond to Cornerstone's request for these additional attorneys' fees and costs, the Court will allow the Government to file an objection that is limited to Cornerstone's request for these additional fees and costs, if the Government so wishes.  Any objection that the Government wishes to make must be filed no later than

___
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-00051-JLS (DFMx)            Date: July 6, 2015
Title: United States of America v. $451,624.51 Seized from FXDD Account '7807 et al.
___

July 13, 2015. To the extent Cornerstone wishes to file a response[4] to any objection the Government may file, Cornerstone must do so no later than July 17, 2015.[5]

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Cornerstone's Motion for a total amount of $165,977.87 in attorneys' fees and costs.

Any objection that the Government wishes to file in regards to the additional requests for attorneys' fees and litigation costs that Cornerstone made for the first time in its Reply must be filed no later than July 13, 2015. Cornerstone may file a response to any objection that the Government may file no later than July 17, 2015.

Initials of preparer: tg

---

[4] The Court will not award Cornerstone any attorneys' fees or litigation costs in connection with its response to the Government's objection.

[5] Cornerstone also requests that the Court allow Cornerstone to seek additional fees and costs incurred in connection with the appeals of the Judgment by the Government and the Non-Cornerstone Claimants. (Reply at 13.) However, to the extent Cornerstone wishes to seek such attorneys' fees and costs, it should file such a motion with the Ninth Circuit Court of Appeals, unless otherwise ordered by the Court of Appeals. *See Vestin Realty Mortgage II, Inc. v. Klaas*, No. 08-CV-2011 AJB MDD, 2013 WL 1411852, at *4-5 (S.D. Cal. Apr. 8, 2013).